**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**ALBANY DIVISION**

| | | |
|---|---|---|
| GERNARDRIC PITTMAN,<br><br>Plaintiff,<br><br>v.<br><br>TERRANCE BRYANT,<br><br>Defendant. | : | CASE NO.: 1:26-CV-84 (LAG) |

## ORDER

Before the Court is Defendant Terrance Bryant's Motion to Stay Discovery (Motion). (Doc. 6). Defendant's Motion is **GRANTED**.

## PROCEDURAL BACKGROUND

Plaintiff Gernardric Pittman initiated this action against Defendant Terrence Bryant on June 24, 2026. (Doc. 1). Plaintiff brings 42 U.S.C. § 1983 claims for malicious prosecution under the Fourth Amendment (Count I), unreasonable seizure under the Fourth Amendment (Count II), and a violation of due process under the Fourteenth Amendment. (*Id.* ¶¶ 45–63). On August 24, 2026, Defendant filed a Motion to Dismiss and thereafter filed an Amended Motion to Dismiss solely to correct the title of the original motion.[1] (Docs. 5, 7). Defendant filed the instant Motion the same day. (Doc. 6). Plaintiff did not respond to the Motion. (*See* Docket). The Motion is ripe for review. *See* M.D. Ga. L.R. 7.2.

## DISCUSSION

District courts have broad discretion to determine whether to stay certain pretrial deadlines and discovery. *Perez v. Miami-Dade County*, 297 F.3d 1255, 1263 (11th Cir. 2002). "Facial challenges to the legal sufficiency of a claim or defense, such as a motion

---

[1] Defendant's original Motion is **DENIED as moot**. *See e.g.*, *Lamb v. Hartford Life & Acc. Ins. Co.*, No. 5:10-CV-253 HL, 2012 WL 1571515, at *1 (M.D. Ga. May 3, 2012).

to dismiss based on failure to state a claim for relief, should . . . be resolved before discovery begins." *Isaiah v. JPMorgan Chase Bank, N.A.*, 960 F.3d 1296, 1308–09 (11th Cir. 2020) (quoting *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367 (11th Cir. 1997)). This does not, however, mean that discovery must be stayed as a matter of course whenever a defendant files a motion to dismiss. *Arriaga-Zacarias v. Lewis Taylor Farms, Inc.*, No. 7:08-CV-32(HL) 2008 WL 4544470, at *1 (M.D. Ga. Oct. 10, 2008). Rather "[t]o determine whether a stay is appropriate a district court 'must balance the harm produced by the delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery." *Id.* (quoting *Feldman v. Flood*, 176 F.R.D. 651, 652 (M.D. Fla. 1997)). A "'preliminary peek' at the merits of the dispositive motion to assess the likelihood that such motion will be granted" can help guide this determination. *Id.* (quoting *Feldman*, 176 F.R.D. at 652).

Based on the Court's preliminary review of Plaintiff's Complaint and the briefing submitted in connection with Defendant's Amended Motion to Dismiss, a stay is appropriate in this case. In his Motion, Defendant argues that all claims against him should be dismissed because Plaintiff has failed adequately to plead a constitutional violation and because Defendant is entitled to qualified immunity. (*See generally* Doc. 7). Resolution of Defendant's Amended Motion to Dismiss could therefore dispose of some or all of Plaintiff's claims and either "entirely eliminate the need for such discovery" or, at a minimum, limit the scope and breadth of discovery going forward. *Arriaga-Zacarias*, 2008 WL 4544470, at *1.

Accordingly, Defendant's Motion (Doc. 6) is **GRANTED**. The Court will delay the issuance of a Scheduling Order. All discovery in this matter is **STAYED** pending the resolution of the Defendant's Amended Motion to Dismiss (Doc. 7), and the Parties need not meet and confer under Federal Rule of Civil Procedure 26(f) until Defendant's Amended Motion to Dismiss (Doc. 7) is resolved by the Court.

**SO ORDERED**, this 24th day of September, 2026.

/s/ Leslie A. Gardner
**LESLIE A. GARDNER, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**